UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **JORGE ARMANDO HURTADO GARCIA,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00212 |
| § | |
| **KRISTI NOEM,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Pending before the Court is Petitioner Jorge Armando Hurtado Garcia's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint for Preliminary Injunctive Relief, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on February 12, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States for more than 20 years and is the father of three U.S. citizen children. (*Id.* at 2.) On November 2, 2025, DHS initiated removal proceedings and Petitioner was transferred to ICE custody on November 4, 2025, after he was arrested for outstanding traffic warrants. (*Id.*) Petitioner remains detained at the La Salle County Regional Detention Center. (*Id.* at 4.) Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of his rights under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act (INA), and the Administrative Procedure Act (APA). (*Id.* at 14–25.) He asks the Court to order his immediate release or in the alternative, order a bond hearing. (*Id.* at 25–27.)

The Court ordered Respondents to respond to Petitioner's petition on or before February 20, 2026 (Dkt. 4.) On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applications for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at *9. Respondents filed a timely response specifically addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez*, and Petitioner submitted a reply to Respondents' response. (Dkt. 8, 10.)

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden.*, 5:26-cv-00131, Dkt. No.11 (S.D. Tex. Feb. 20, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth

Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Preliminary Injunctive Relief, (Dkt. 1), is **GRANTED IN PART**. Respondents' Response to Petition for Writ of Habeas Corpus and Motion to Dismiss, or in the alternative Motion for Summary Judgment, (Dkt. 8), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.	Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.	If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

4.	Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this February 24, 2026.

_____
Diana Saldaña
United States District Judge